

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–15–835

| | |
|---|---|
| | **Opinion Delivered** JUNE 1, 2016 |
| MARY JANE PATTERSON<br>APPELLANT | APPEAL FROM THE PHILLIPS<br>COUNTY CIRCUIT COURT<br>[NO. 54CV-2014-141-2] |
| V. | |
| HERITAGE HILL MANOR, INC.<br>APPELLEE | HONORABLE RICHARD L. PROCTOR,<br>JUDGE |
| | AFFIRMED |

## DAVID M. GLOVER, Judge

In the companion case being handed down this date, *Hadder v. Heritage Hill Manor, Inc.*, 2016 Ark. App. 303, the facts giving rise to that cause of action and to this one are basically the same, along with the arguments raised on appeal. The *Hadder* case fully discusses the factual background and legal analysis of the issues, so it is unnecessary to repeat those matters at great length here, other than to put this case in context and explain what little differences there are.

As set forth in the *Hadder* opinion, Ellen Lawrence was a tenant at Heritage Hill, a residential complex where several elderly persons lived. Ms. Lawrence suffered from dementia and Alzheimer's. Mary Jane Patterson and others, including Sandra Hadder, worked for her as a "sitter." Early on the morning of February 16, 2014, Patterson heard water in Lawrence's apartment, got up to investigate, fell twice, and broke her hip. The source of the water was a leak from a water heater in the apartment above. Patterson filed

her complaint against Heritage Hill, basically alleging that Heritage Hill was negligent in the manner in which it placed, maintained, and installed the water heater. Similarly, Hadder's complaint was based on a fall she experienced later in the day in Lawrence's apartment when she came to take Patterson's place after Patterson had been taken to the hospital.

As explained in the *Hadder* opinion, Heritage filed a motion for summary judgment that was granted by the trial court on August 3, 2015, and Patterson's complaint was dismissed with prejudice. Patterson appeals, contending that the trial court erred in granting summary judgment to Heritage Hill because 1) there were unresolved factual questions of whether Heritage Hill was an "assisted living facility," which would give rise to a regulatory duty; 2) Arkansas Code Annotated section 18-16-110 is inapplicable since Patterson was not an invitee or licensee of a tenant whose residence contained the water heater which caused these injuries; 3) there was a duty of ordinary care on the part of Heritage Hill toward Patterson; 4) there were factual questions whether Heritage Hill assumed a duty; and 5) there were factual issues whether Heritage Hill breached a duty. The issues Patterson raises on appeal are essentially the same as Hadder's, except Patterson's obviously do not involve the subsequent actions taken to clean up the water and warn of wet carpet. As with Hadder's appeal, we affirm the grant of summary judgment in favor of Heritage Hill.

Because the issues involved in this appeal have already been fully addressed and decided in the companion appeal filed by Hadder, it is unnecessary to reiterate here what we have held in the *Hadder* opinion. We therefore adopt and incorporate herein by reference the reasoning set forth in *Hadder* as it applies to the issues raised here.

 

Affirmed.

ABRAMSON and HIXSON, JJ., agree.

*Louis A. Etoch* and *Robert S. Tschiemer*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *James M. Simpson* and *Tory H. Lewis*, for appellee.